IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH E. NAGY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1627-X-BN |
| | § | |
| KEVIN MCGRATH and ELIANA MCGRATH | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joseph E. Nagy returned to this Court *pro se*, *see Nagy v. McGrath*, No. 3:22-cv-1155-K-BN, 2022 WL 2251042 (N.D. Tex. June 1, 2022), *rec. accepted*, 2022 WL 2237502 (N.D. Tex. June 22, 2022) (*Nagy I*), realleging claims based on the facts alleged in *Nagy I* but, this time, just against his ex-wife and her current husband under 42 U.S.C. §§ 1981 and 1985 and theories of "wrongful child support" and "mental anguish." Dkt. No. 3.

Because Nagy again moved for leave to proceed *in forma pauperis* (IFP), *see* Dkt. No. 4, United States District Judge Brantley Starr referred Nagy's latest lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Nagy leave to proceed IFP. *See* Dkt. No. 6. And the undersigned entered findings of fact and conclusions of law recommending that the Court issue an appropriate sanctions warning and dismiss Nagy's lawsuit as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) or, in the alternative, dismiss his federal

claims with prejudice and decline to exercise supplemental jurisdiction over the remaining state law claims [Dkt. No. 7] (the FCR).

No objections were filed. And, on August 23, 2022, the Court accepted the FCR and entered judgment, dismissing Nagy's lawsuit as malicious. *See* Dkt. Nos. 8, 9.

The same day, Nagy's Motion to Dismiss "due to time restraints to file objections" [Dkt. No. 10] was received in the mail and docketed (after the docketing of the order accepting the FCR and the judgment).

On September 7, 2022, Nagy filed Plaintiff's Motion to Vacate Judgment [Dkt. No. 11], moving the Court to vacate its judgment and dismiss this case without prejudice, consistent with his motion to dismiss.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny this motion, construed as brought under Federal Rule of Civil Procedure 59(e).

**Legal Standards**

Where a litigant requests that a district court reexamine a prior ruling that adjudicates all the claims among all the parties, such a motion "is evaluated either as a motion to 'alter or amend a judgment' under [Federal Rule of Civil Procedure] 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under [Federal Rule of Civil Procedure] 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam). "The rule under which the motion is considered is based on when the motion was filed." *Id.* (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)).

Because Nagy filed Plaintiff's Motion to Vacate within 28 days of the Court's judgment, "the motion is treated as though it was filed under Rule 59." *Id.*

A Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)). At this point, then, "there is no longer a final judgment to appeal from," and, "[o]nly the disposition of [the Rule 59(e)] motion 'restores th[e] finality' of the original judgment, thus starting the 30-day appeal clock." *Id.* (citations omitted). The Court's "ruling on the Rule 59(e) motion [therefore] merges with the prior determination, so that the reviewing court takes up only one judgment." *Banister*, 140 S. Ct. at 1703 (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019) (quotation omitted). [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003).

*Id.*; *accord Demahy*, 702 F.3d at 182.

- 3 -

## Analysis

Rule 41(a) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A).

"To be effective[, consistent with the text of the rule], plaintiff's voluntary notice of dismissal must be filed with the court prior to defendant's service of the answer." *Keach v. Monarch Life Ins. Co.*, 126 F.R.D. 567, 568 (D. Kan. 1989); *see also Aero-Colours, Inc. v. Propst*, 833 F.2d 51, 52 (5th Cir. 1987) (per curiam) ("We agree with the Seventh Circuit's succinct statement of the intent of the rule: 'Rule 41(a)(1) as it was drafted simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not. We are unwilling to upset the balance struck in Rule 41(a)(1) by adding some different test.'" (quoting *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir. 1983))); *cf. Marques v. Federal Reserve Bank of Chi.*, 286 F.3d 1014, 1017 (7th Cir. 2002) ("[O]ne doesn't need a good reason, or even a sane or any reason, to dismiss a suit voluntarily. The right is absolute, as Rule 41(a)(1) and the cases interpreting it make clear, until, as the rule states, the defendant serves an answer or a motion for summary judgment." (citations omitted)).

"[A] judgment on the merits that is entered after the plaintiff has filed a proper Rule 41(a)(1) notice of dismissal is indeed void." *Marques*, 286 F.3d at 1018 (collecting cases). *Cf. Meinecke v. H & R Block of Hous.*, 66 F.3d 77, 82 (5th Cir. 1995) (per

curiam) ("[W]hen the parties file a stipulation of voluntary dismissal pursuant to Rule 41(a)(1)(ii), 'any further actions by the court [are] superfluous.'" (quoting *United States v. Kellogg (Matter of West Texas Mktg. Corp.)*, 12 F.3d 497, 501 (5th Cir. 1994); citing *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976))).

And, "although not every 'void' judgment is subject to collateral attack, only those where the voidness is unarguable, the refusal to vacate under [Federal Rule of Civil Procedure] 60(b)(4) an unarguably void judgment is an abuse of discretion." *Marques*, 286 F.3d at 1018 (citations omitted); *see also, e.g., Srivastava v. Rosenberg*, 88 F. App'x 950, 951 (7th Cir. 2004) (per curiam) ("It is well settled that 'a judgment on the merits entered after a plaintiff has filed a proper rule 41(a)(1) notice of dismissal is indeed void.' A refusal to vacate a void judgment in response to a 60(b)(4) motion is a per se abuse of discretion. The 'supplement' Srivastava filed after she moved to dismiss her case did not give the court continuing jurisdiction to enter a judgment against her, because anything filed with the court after she voluntarily dismissed her complaint was just as much a legal nullity as the court's void judgment. Thus we must vacate the court's judgment and remand to the district court with instructions to dismiss Srivastava's complaint without prejudice." (citations omitted)).

Nagy moves to vacate a judgment that he argues is void considering his Rule 41(a)(1)(A)(i) notice, an argument that may be construed as seeking to correct a manifest error of law under Rule 59(e). And the above authority provides a framework to analyze – but does not necessarily resolve – the issue presented by Nagy's motion:

whether a court must vacate a judgment entered prior to but the same day that a plaintiff files his Rule 41(a)(1)(A)(i) notice.

As to the filing of that notice, because Nagy is not incarcerated, the prison mailbox rule – or when Nagy mailed his notice (as he has not made filings in this case electronically) – is not consequential. *Cf. Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities."). Nagy's notice was therefore filed when it was received by the clerk, on August 23, 2022. *See* FED. R. CIV. P. 5(d)(2)(A); *see, e.g.*, *Gilmore-Webster v. Bayou City Homebuyers, Inc.*, 845 F. App'x 329, 333 (5th Cir. 2021) (per curiam) ("The district court ordered him to file that pleading by August 26. Gilmore-Webster postmarked it on August 26, and it reached the district court clerk the following day. That made it one day late.").

And, here, the Court need not determine which happened first on August 23 – the receipt of the notice (for filing) or the docketing of the judgment. *Cf. Marques*, 286 F.3d at 1017. That is because Nagy does not carry his burden to show that the judgment dismissing this lawsuit as malicious under the IFP statute should be considered unarguably void under the authority set out above.

In support of his construed Rule 59(e) motion, Nagy sets out a timeline explaining that the FCR was mailed to him on August 8 and received by him on August 13, prior to his decision to forgo objections and his mailing of the notice on August 19. *See* Dkt. No. 11 ("Plaintiff filed the Motion to Dismiss in lieu of objections.").

Nagy therefore admits that he was served with the FCR – recommending dismissal on an otherwise affirmative defense of res judicata – prior to filing his notice. And given the unique facts of this case, the FCR should function as at least the equivalent of a motion for summary judgment filed by a defendant. So this case essentially "reached the point of no return" before Nagy's attempted dismissal without prejudice. *Aero-Colours*, 833 F.2d at 52.

He may not therefore argue that the dismissal with prejudice is unarguably void. And there is no manifest error of law to correct under Rule 59(e).

**Recommendation**

The Court should deny Plaintiff Joseph E. Nagy's Motion to Vacate Judgment [Dkt. No. 11], construed as brought under Federal Rule of Civil Procedure 59(e), and should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 13, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE