UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH EUGENE NAGY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 3:22-CV-1627-X-BN |
| | § | |
| KEVIN MCGRATH et al., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On August 5, 2022, the United States Magistrate Judge recommended that the Court dismiss this case.   [Doc. No. 7].   On August 13, 2022, Joseph Nagy received that recommendation.[1]   On August 23, 2022, the Court accepted the Magistrate Judge's recommendation, dismissed the case, and entered final judgment.   [Doc. Nos. 8, 9].   But here's the twist.   On the same day—August 23, 2022—Nagy moved to dismiss his own complaint.   [Doc. No. 10].   Nagy then moved to vacate the Court's judgment.   [Doc. No. 11].   The Magistrate Judge then made findings, conclusions, and a recommendation on that motion to vacate.   [Doc. No. 12].   Specifically, the Magistrate Judge concluded that, because Nagy had received the Magistrate Judge's

---

[1] Doc. No. 11 at 1.

initial recommendation on August 13, 2022, this case had "reached the point of no return" where it's too late for a plaintiff to dismiss his own case.[2]

Nagy objects to that recommendation on five grounds.   First, Nagy notifies the Court of his gratitude to "Yeshua, our Lord and Savior" for, *inter alia*, "the first day of Autumn."[3]   Second, citing the Gospel of John, Nagy confesses that he "has sinned."[4]   Third, Nagy insinuates that the Court has jurisdiction because the requisite "amount in controversy" is met.[5]   Fourth, he asserts that the Court's rulings "seem discriminatory to a postal filer."[6]   Fifth, Nagy recites a laundry list of conclusory complaints, saying, for instance, that he objects to "the wrongful order," "forced time restraints," "wrongful filing times," and "the magistrate's prisoner references."[7]

But Nagy's objections fail to negate two dispositive facts.   First, Nagy filed his motion to dismiss only after receiving the Magistrate Judge's adverse recommendation.   And, although it's true that a plaintiff generally has an "absolute right to dismissal" of his own complaint before a defendant responds,[8] the Fifth Circuit has made clear that a district court properly "den[ies] [a] motion for voluntary

---

[2] *Aero-Colours, Inc. v. Propst*, 833 F.2d 51, 52 (5th Cir. 1987).

[3] Doc. No. 13 at 2.

[4] *Id.*

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.* at 3–4.

[8] *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 344 (5th Cir. 2019).

dismissal without prejudice" when a "magistrate ha[s] [already] considered the case and issued a comprehensive recommendation that was adverse to [the plaintiff's] position."[9]   So Nagy's motion to dismiss was improper.   Second, in the six months since the Magistrate Judge's original dismissal recommendation, Nagy hasn't filed a single substantive objection to that recommendation.   So Nagy's complaints about filing deadlines lack merit.

Accordingly, the Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error.   Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge.   The Court therefore **DENIES** Nagy's Motion to Vacate Judgment [Doc. No. 11], construed as brought under Federal Rule of Civil Procedure 59(e), and **DIRECTS** the Clerk of Court to, solely for statistical purposes, **REOPEN** and then **CLOSE** this case.

**IT IS SO ORDERED** this 16th day of February, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991).